```
McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $1,200,000.00 IN U.S. CURRENCY SEIZED FROM FIRST CALIFORNIA BANK ACCT. NO. 2005638, ETC.,<br><br>             Defendants. | CIV-S-05-0149 WBS KJM<br><br>STIPULATION AND ORDER STAYING ACTION |

It is hereby stipulated by and between plaintiff United States of America and potential claimants Matthew Wallace Schachter a.k.a. Robert Lewis Brown, John W. Hollis and Judith L. Hollis, by and through their respective counsel, and the Provisional Liquidator of Tri-Continental Exchange, as follows:

1.  As yet, no party has filed a claim or answer, or otherwise appeared in the action to contest the forfeiture.  Nonetheless, potential claimant John Hollis maintains that he has an interest in the funds seized from his trust and personal accounts ($1.2 million

1

from First California Bank, account number 2005638 and $225,958.84 from Bank of America, account number 004653665607).  According to Hollis, approximately $54,497.79 of these funds represent payment for legal fees, costs, and expenses earned by Hollis and other legal counsel for Tri-Continental Exchange and Matthew Wallace Schachter a.k.a. Robert Lewis Brown prior to the seizure at issue.  Without conceding that Hollis has standing to claim any of the defendant funds, the United States acknowledges that some of the defendant funds were in fact seized from Hollis' personal and trust accounts.

  2. Potential claimant Matthew Wallace Schachter a.k.a. Robert Lewis Brown maintains that he is the owner of all of the funds at issue in this case, and that he intends to file a claim to such funds. Schachter is presently facing federal criminal charges in the Eastern District of California, United States v. Matthew Wallace Schachter, CR S-05-59 DFL, arising out of the same transactions and events which form the bases for this civil forfeiture action.  For purposes of this application, the United States stipulates that Schachter has standing. To assert a claim in this proceeding.  See 18 U.S.C. § 981(g)(2)(B).[1]

  3. The government of St. Vincent and the Grenadines has appointed a provisional liquidator for Tri-Continental Exchange.  It is not clear at this stage whether the provisional liquidator intends to file a claim in this action.  Nonetheless, the provisional

---

[1] The United States previously filed a notice of related cases pursuant to 83-123, alerting the Court that this action is related to that criminal case.  The Court has not determined if the two actions are related within the meaning of the Local Rule.

2

1 liquidator stipulates to the stay of this action on the terms set
2 forth herein; provided that his agreement herein does not constitute
3 an appearance for the purpose of submitting to the jurisdiction in
4 this action and that his time to file a claim in this action is
5 extended until thirty days following the expiration of this
6 stipulation.

7     4.  The parties to this stipulation recognize that proceeding
8 with this action at this time has potential adverse affects on the
9 prosecution of the related-criminal case and/or upon potential
10 claimant Schachter's right against self-incrimination in the
11 related federal criminal case.  See 18 U.S.C. § 981(g).

12     5.  The United States also seeks a stay for an independent
13 reason.  Recently, the court of appeals decided a case, United
14 States v. $4,224,958.57, 392 F.3d 1002 (9th Cir. 2004) ("Boylan"),
15 that calls into question whether in a case such as this, i.e., a
16 case in which the government seeks to forfeit the proceeds of an
17 alleged fraud scheme, the government can move for forfeiture
18 without recognizing the rights of the victims to come forward and
19 maintain claims in the forfeiture action itself.  The Boylan
20 decision arguably requires the Court to convert the forfeiture
21 action into some sort of trust administration proceeding, and
22 "administer that trust, giving notice to all potential claimants
23 and taking steps to assure that no claimant obtains more than his
24 or her fair share."  Id. at 1005.  The Boylan Court did not explain
25 how this Court is to adjudicate the potential claims of Schachter
26 and others to the seized assets, and at the same time administer a
27
28

trust for potential victims - victims that in this case may number into the hundreds and fall into different classes - much less explain what the government's role, if any, would be in such a proceeding.[2]

    6. Counsel for the United States is advised that on March 22, 2005, the government filed a motion to stay the mandate in <u>Boylan</u> pending a decision by the Solicitor General whether to petition for certiorari to the Supreme Court.[3]  The court of appeals has yet to rule on this motion, and the Solicitor General has yet to decide whether to petition for certiorari.  In view of this, and in view of the dramatic effects the <u>Boylan</u> decision could have on the manner in which this action is handled going forward, the government cites these potential further proceedings in <u>Boylan</u> as an additional justification for entering a stay.

    THEREFORE the parties to this action stipulate as follows:

    1. Pursuant to 18 U.S.C. § 981(g), and in the interests of justice, this action shall be stayed pending the conclusion of the federal criminal action presently pending against potential claimant Schachter in the Eastern District of California, or upon

---

[2] Prior to the <u>Boylan</u> decision the United States generally dealt with the competing claims of large numbers of victims to forfeited assets outside the judicial process.  <u>See</u> 18 U.S.C. § 981(3)(6) (authorizing the government to restore forfeited funds to the victim of the offense giving rise to forfeiture; 28 C.F.R. § 9 (regulations authorizing the Attorney General to use forfeited fund to benefit victims); <u>see</u> <u>also</u> <u>United States v. Wilcoxson</u>, CR No. S-99-359 DFL (E.D. Cal.) (a case in which pursuant to 28 C.F.R. § 9, the government has thus far restored approximately $6,000,000.00 in forfeited assets to hundreds of victims of an investment fraud scheme).

[3] The government previously filed two petition for rehearing and rehearing en banc, both of which were denied by the court of appeals.

4

1  the expiration of six months from the date of this order, whichever
2  event shall occur first;
3      2.  The Court may vacate the Status (pretrial scheduling)
4  Conference set for May 23, 2005, at 9:00 a.m.
5      3.  The Provisional Liquidator of Tri-Continental Exchange's
6  execution of this stipulation does not submit him to the
7  jurisdiction of this Court and his time to file a claim in this
8  Action is extended until thirty days following the expiration of
9  this stipulation.
10     IT IS SO STIPULATED.

11 DATED: 5/9/05                          McGREGOR W. SCOTT
                                          United States Attorney
12
                                          /s/ Courtney J. Linn
13                                        _____
                                          COURTNEY J. LINN
14                                        Assistant U.S. Attorney

15

16

17 Dated: 5/6/05                          /s/ Matthew Bockmon
                                          MATTHEW BOCKMON
18                                        Attorney for Potential Claimant
                                          Matthew Wallace Schachter a.k.a.
19                                        Robert Lewis Brown

20

21
   Dated: 5/9/05                          /s/ Jean M. Hobler
22                                        MATTHEW G. JACOBS/JEAN M. HOBLER
                                          Attorney for Potential Claimants
23                                        John W. Hollis and Judith L.
   Hollis
24

25
   Dated: May 6 2005                      /s/ Simon Whicker
26                                        SIMON WHICKER
                                          For the Provisional
27                                        Liquidator of TCE

28
                                    5

```
 1       For good cause shown, the Court adopts the parties'
 2       stipulation.  Counsel for the United States shall cause this
 3       matter to be placed on the court's calendar for Status
 4       Conference within thirty days from conclusion of the federal
 5       criminal action presently pending against potential claimant
 6       Schachter in the Eastern District of California, or upon the
 7       expiration of seven months from the date of this order,
 8       whichever event shall occur first.
 9       IT IS SO ORDERED.
10
11  DATED: May 10, 2005
12
13                                  _____
                                    WILLIAM B. SHUBB
14                                  UNITED STATES DISTRICT JUDGE
```

6