McGREGOR W. SCOTT
United States Attorney
KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>APPROXIMATELY $1,200,000 IN U.S. CURRENCY SEIZED FROM FIRST CALIFORNIA BANK ACCT. NO. 2005638, ETC.<br><br>        Defendants. | 2:05-CV-0149 DFL/KJM<br><br>**STIPULATION TO DISMISS AS TO TWO DEFENDANTS AND ORDER THEREON**<br><br><br>Date:     N/A<br>Time:     N/A<br>Courtroom: N/A |

   Plaintiff United States of America and claimants Universal Insurance Exchange ("Universal"), and Bennett Truck Transport, LLC ("Bennett"), stipulate as follows:

   1.   Universal is a general unsecured creditor of Tri-Continental Exchange Ltd. ("TCE"), Combined Services, Ltd. ("CSL") and/or Alternative Market Exchange Ltd. ("AME), collectively referred to herein as the "Debtors."  Bennett asserts constructive trust and unsecured claims against the debtors and the forfeiture funds.  Bennett also asserts a lien on

1

1 the funds pursuant to California Code of Civil Procedure §
2 708.410.
3     2.   The plaintiff has filed a civil forfeiture action
4 against the defendant currency, alleging that the funds were
5 involved in, or are traceable to, money laundering violations
6 committed by Robert L. Brown a.k.a. Matthew Schachter ("Brown)
7 through TCE and CSL, and/or constitute or are derived from the
8 proceeds of mail fraud, or a conspiracy to commit such offense,
9 committed by Brown through TCE and CSL.
10     3.   Universal filed a Claim to the defendant currency on
11 March 24, 2006, and filed an Answer to the Verified Complaint for
12 Forfeiture In Rem (the "Complaint") on April 11, 2006.
13     4.   Bennett filed a Claim to the defendant currency on
14 November 23, 2005, filed a Lien on Pending Action on January 10,
15 2006, and filed an Answer to the Complaint on January 9, 2006.
16     5.   John Hollis filed a Claim to the defendant currency on
17 or about December 19, 2005.
18     6.   In a Memorandum of Opinion and Order dated July 19,
19 2005, (hereafter "District Court Order") this Court granted, in
20 part, the plaintiff's motion to dismiss Hollis's claim.  This
21 Court ruled that Hollis does not have standing to assert an
22 interest in the $1.2 million seized from his trust account at
23 First California Bank Account No. 2005638 (Order, at 16), nor
24 does he have standing to assert an interest in the $177,695.11
25 connected to a transfer to the United States from Bullivant
26 Houser Bailey.
27     7.   This Court ruled that Hollis does have standing to
28 assert a claim to the $225,958.84 seized from Hollis' personal

2

bank account at Bank of America.

8.  Thereafter, Hollis filed an Answer to the Complaint (under seal) on September 19, 2006, and filed an Amended Answer (under seal) on September 26, 2006.

9.  The government and the Liquidators for the debtors (see ¶ 12(a) infra) entered into a stipulation to transfer the defendant funds, other than the $225,958.84 described in ¶ 7, to the bankruptcy court for distribution to the debtors' creditors in accordance with all applicable laws.

10.  The government and claimants Bennett and Universal now seek to dismiss this forfeiture action without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure against the approximately $1.2 million seized from First California Bank Account No. 2005638, and the approximately $177,695.11 connected to a transfer to the United States from Bullivant Houser Bailey.  This stipulation is based upon the determination that the defendant funds belong to Brown traceable to fraudulent activities conducted through TCE and CSL, and that the funds should be administered in connection with the insolvency proceedings for TCE and CSL.

11.  The rights of Bennett and Universal, if any, to the sums described in the preceding paragraph will be determined in accordance with applicable bankruptcy law, forfeiture law, and/or state law.  Nothing in this stipulation is intended to adjudicate, hinder, or impair the rights of claimants to the funds, and such rights, if any, are preserved and will be addressed in the insolvency proceedings discussed below.

12.  The facts in support of this stipulation and request

3

1  for an Order are as follows:
2      a.   Foreign insolvency proceedings have been
3            commenced against the Debtors in St. Vincent
4            and the Grenadines before the Eastern
5            Caribbean Supreme Court (the "SVG
6            Proceedings").  A three-person Foreign
7            Representative was duly appointed in the SVG
8            Proceedings to serve as the Joint Liquidators
9            (hereafter "the Liquidators") of the Debtors.
10     b.   The U.S. Bankruptcy Court in the Eastern
11           District of California has granted the
12           Liquidator's Petition seeking recognition as
13           the Foreign Representative of the Debtors in
14           a procedure authorized pursuant to Chapter 15
15           of the United States Bankruptcy Code, 11
16           U.S.C. § 1501 *et seq*.  Attached to this
17           stipulation as Ex. 1 is a copy of Judge
18           Klein's Memorandum Decision Regarding
19           Recognition of Foreign Main Proceeding filed
20           September 11, 2006.
21     c.   In addition, the government and the
22           Liquidators entered into a stipulation in
23           which the government agreed that it would
24           seek dismissal of this forfeiture action so
25           that the funds could be transferred to the
26           Bankruptcy Court for administration.  A copy
27           of that stipulation is attached as Ex. A to
28           Judge Klein's Order Approving Modified

4

    Stipulation Between the United States of
America, the Debtors, and John W. Hollis,
[hereafter "Order"] attached hereto as Ex.
2.

13. In addition, the government, claimant John Hollis, and the Liquidators entered into a separate stipulation in which the parties agreed that the defendant currency identified as the approximately $225,958.84 seized from Bank of America account No. 004653665607 would remain under the jurisdiction of the district court pending completion of the resolution of the competing claims to the $225,958.84. A copy of that stipulation is attached as Ex. B to Judge Klein's Order (Ex. 2).

14. As noted above, the Order (Ex. 2) incorporates the stipulation between the United States and the Liquidators on behalf of the debtor, and the stipulation between claimant Hollis, the United States, and the Liquidators.

15. In light of this Court's determination that Hollis has no standing to challenge the forfeiture of the $1.2 million seized from an attorney trust account and the $177,695.11 seized from Bullivant because they belong to Brown, (District Court Order, at 13-16; 17-19), the parties to this stipulation agree that these funds should be administered in the Chapter 15 cases of TCE and CSL under the supervision of the Bankruptcy Court.

16. Plaintiff also contends that the funds that were seized from claimant Hollis' personal account at Bank of America (approximately $225,958.84) also belong to TCE and CSL and should be administered in the Chapter 15 case under the supervision of the Bankruptcy Court. However, claimant Hollis has advised the

plaintiff that he objects to the transfer of these funds to the Bankruptcy Court, and will oppose any effort to do so. Accordingly, at this time the plaintiff, Universal, and Bennett only seek the dismissal of the forfeiture action as to the defendants identified as the $1.2 million seized from the attorney trust account, and the $177,695.11 Bullivant funds to the Bankruptcy Court.

17. Upon dismissal of this action as to the $1.2 million and the $177,695.11, the plaintiff will take all steps necessary to transfer these funds from the U.S. Treasury-Customs Suspense Account to the Liquidators identified in the September 11, 2006, Memorandum Decision Regarding Recognition of Foreign Main Proceedings (Ex. 1).

18. The parties to this stipulation agree that there was reasonable cause for the seizure and arrest of the defendant currency and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

19. The parties further stipulate that even if they receive any distribution of funds in the bankruptcy proceedings, that distribution is not to be considered as a "judgment for the claimant" within the meaning of 28 U.S.C. § 2465(a), nor will that claimant be considered a "prevailing party" within the meaning of 28 U.S.C. § 2465(b).

20. Any claimant's entitlement to costs or attorney fees will be determined solely in accordance with applicable law. Under no circumstances will the United States be liable for costs

//
//

1  or attorney fees incurred by claimants in this forfeiture action
2  or in the bankruptcy proceedings.

4  DATED: November 30, 2006           McGREGOR W. SCOTT
                                      United States Attorney

6                                By:  /s/ Kristin S. Door
7                                     KRISTIN S. DOOR
                                      Assistant U.S. Attorney

9  DATED: December 7, 2006            PARKINSON PHINNEY

11                               By:  /s/ Thomas R. Phinney
                                      THOMAS R. PHINNEY
                                      Attorneys for Claimant Bennett
12                                    Truck Transport, LLC

14 DATED: November 30, 2006           HUGHES & PRITCHARD

16                               By:  /s/ Gregory J. Hughes
                                      GREGORY J. HUGHES
                                      Attorneys for Universal
17                                    Insurance Exchange

18         (Original signatures retained by attorney)
19 IT IS SO ORDERED.
20 Dated: December 12, 2006           /s/ David F. Levi
                                      DAVID F. LEVI
21                                    United States District Judge

23                   CERTIFICATE OF REASONABLE CAUSE
24     Pursuant to the Stipulation for Dismissal and the
25 allegations set forth in the Complaint for Forfeiture In Rem
26 filed January 24, 2005, the Court enters this Certificate of
27 Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was
28 reasonable cause for the seizure of the currency identified as

                                  7

the $1.2 million seized from the First California Bank Account No. 2005638 and the $177,695.11 connected to a transfer to the United State from Bullivant House Bailey.

Dated: December 12, 2006

                                          /s/ David F. Levi
                                          DAVID F. LEVI
                                          United States District Judge