BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR SBN 84307
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:05-CV-0149 JAM/KJM |
| ) | |
| Plaintiff, ) | ORDER LIFTING STAY; UNSEALING |
| ) | ANSWER; AND PROTECTIVE ORDER |
| v. ) | |
| ) | |
| ) | |
| APPROXIMATELY $1,200,000 IN ) | Date:     April 7, 2010 |
| U.S. CURRENCY SEIZED FROM ) | Time:     9:30 a.m. |
| FIRST CALIFORNIA BANK ACCT. ) | Courtroom:6 |
| NO. 2005638, ) | |
| ) | |
| APPROXIMATELY $225,958.84 IN ) | |
| U.S. CURRENCY SEIZED FROM ) | |
| BANK OF AMERICA ACCT. NO. ) | |
| 004653665607, ) | |
| ) | |
| APPROXIMATELY $177,695.11 IN ) | |
| FUNDS CONNECTED TO A TRANSFER) | |
| TO THE UNITED STATES OF ) | |
| AMERICA FROM BULLIVANT HOUSER) | |
| BAILEY, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

     The Court finds as follows:

     1.   Claimant John Hollis claims to be the owner or trustee of funds seized from the three bank accounts identified in the

1

caption above.

2. Discovery was stayed in this case during an investigation of insurance fraud involving Tri-Continental Insurance Company and Robert Brown aka Matthew Schacter.

3. The United States Attorney for the Eastern District of California has advised claimant John Hollis that he has no present intention of prosecuting claimant John Hollis based on the events giving rise to that investigation.

4. The United States has requested that the stay be lifted so that discovery can resume.

5. In order to permit discovery to proceed in this case while protecting claimant's interests, the Court finds that a protective order will adequately protects claimant's rights.

ACCORDINGLY, IT IS ORDERED THAT:

1. The stay previously entered in this case is lifted.

2. The Clerk of the Court shall unseal the Answers filed by claimant at docket entries 76 and 78.

3. No testimony or documents John Hollis produces in this civil forfeiture action, whether by way of discovery responses, deposition testimony, or trial testimony, shall be used by federal, state, or local authorities in connection with any criminal prosecution other than as set forth in Paragraph 8 below.

4. Except as provided in Paragraph 8, Plaintiff shall not provide discovery documents, discovery responses, or deposition or trial testimony to any federal, state, or local prosecutor for use in a criminal prosecution, and agrees that this material shall be used only for the purposes of the prosecution, defense,

1 | or settlement of this action, and for no other purpose.

2 |     5.   The material produced in discovery may be reviewed by
3 | paralegal or secretarial staff in the U.S. Attorney's Office or
4 | by law enforcement agents (federal, state, or local) solely for
5 | purposes of the prosecution, defense, or settlement of this civil
6 | forfeiture action, and for no other purpose.

7 |     6.   Federal, state, and local law enforcement officers may
8 | attend claimants' depositions and the deposition of any witness.

9 |     7.   Plaintiff is permitted, without further order of this
10 | court, to file claimants' discovery responses or deposition
11 | testimony in court as exhibits to a motion such as a motion for
12 | summary judgment or motion to compel discovery, provided however
13 | that plaintiff will request that said filings be sealed.

14 |     8.   Plaintiff is permitted to use any testimony or
15 | documents produced in this civil forfeiture action in any
16 | subsequent prosecution for perjury or false statement.

17 |     9.   This order shall survive the final disposition of this
18 | case, and the Court shall retain jurisdiction to resolve any
19 | dispute concerning the use of information produced hereunder.

21 | IT IS SO ORDERED.

22 | Dated: March 30, 2010    /s/ John A. Mendez
    JOHN A. MENDEZ
23 |     United States District Judge