1  BENJAMIN B. WAGNER
   United States Attorney
2  KRISTIN S. DOOR SBN 84307
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2723

5  Attorneys for Plaintiff
   United States of America
6

7

8              IN THE UNITED STATES DISTRICT COURT FOR THE

9                   EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,      )   2:05-CV-0149 JAM/KJM
                                  )
12          Plaintiff,            )   ORDER LIFTING STAY; UNSEALING
                                  )   ANSWER; AND PROTECTIVE ORDER
13          v.                    )
                                  )
14                                )
   APPROXIMATELY $1,200,000 IN    )   Date:    August 4, 2010
15 U.S. CURRENCY SEIZED FROM      )   Time:    9:30 a.m.
   FIRST CALIFORNIA BANK ACCT.    )   Courtroom:6
16 NO. 2005638,                   )
                                  )
17 APPROXIMATELY $225,958.84 IN   )
   U.S. CURRENCY SEIZED FROM      )
18 BANK OF AMERICA ACCT. NO.      )
   004653665607,                  )
19                                )
   APPROXIMATELY $177,695.11 IN   )
20 FUNDS CONNECTED TO A TRANSFER  )
   TO THE UNITED STATES OF        )
21 AMERICA FROM BULLIVANT HOUSER  )
   BAILEY,                        )
22                                )
                                  )
23          Defendants.           )
   _____)
24

25

26      The Court finds as follows:

27      1.   Claimant John Hollis claims to be the owner or trustee

28 of funds seized from the three bank accounts identified in the

                                  1

caption above.

2.   Discovery was stayed in this case during an investigation of insurance fraud involving Tri-Continental Insurance Company and Robert Brown aka Matthew Schacter.

3.   The United States Attorney for the Eastern District of California has advised claimant John Hollis that he has no present intention of prosecuting claimant John Hollis based on the events giving rise to that investigation.

4.   The United States has requested that the stay be lifted so that discovery can resume.

5.   In order to permit discovery to proceed in this case while protecting claimant's interests, the Court finds that a protective order will adequately protects claimant's rights.

ACCORDINGLY, IT IS ORDERED THAT:

1.   The stay previously entered in this case is lifted.

2.   The Clerk of the Court shall unseal the Answers filed by claimant at docket entries 76 and 78.

3.   No testimony or documents John Hollis produces in this civil forfeiture action, whether by way of discovery responses, deposition testimony, or trial testimony, shall be used by federal, state, or local authorities in connection with any criminal prosecution other than as set forth in Paragraph 8 below.

4.   Except as provided in Paragraph 8, Plaintiff shall not provide discovery documents, discovery responses, or deposition or trial testimony to any federal, state, or local prosecutor for use in a criminal prosecution, and agrees that this material shall be used only for the purposes of the prosecution, defense,

1   or settlement of this action, and for no other purpose.

2       5.   The material produced in discovery may be reviewed by

3   paralegal or secretarial staff in the U.S. Attorney's Office or

4   by law enforcement agents (federal, state, or local) solely for

5   purposes of the prosecution, defense, or settlement of this civil

6   forfeiture action, and for no other purpose.

7       6.   Federal, state, and local law enforcement officers may

8   attend claimants' depositions and the deposition of any witness.

9       7.   Plaintiff is permitted, without further order of this

10  court, to file claimant's discovery responses or deposition

11  testimony in court as exhibits to a motion such as a motion for

12  summary judgment or motion to compel discovery, provided however

13  that plaintiff will request that said filings be sealed.

14      8.   Plaintiff is permitted to use any testimony or

15  documents produced in this civil forfeiture action in any

16  subsequent prosecution for perjury or false statement.

17      9.   This order shall survive the final disposition of this

18  case, and the Court shall retain jurisdiction to resolve any

19  dispute concerning the use of information produced hereunder.

20

21  IT IS SO ORDERED.

22  Dated: August 17, 2010        /s/ John A. Mendez
                                   JOHN A. MENDEZ
23                                 United States District Judge

24

25

26

27

28

                                3