1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916)554-2700

5  Attorneys for the United States

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                 2:05-CV–00149 JAM-DAD

12              Plaintiff,                     STIPULATION TO DISMISS AS TO
                                               ONE DEFENDANT AND ORDER
13        v.                                   THEREON

14  APPROXIMATELY $1,200,000.00 IN
    U.S. CURRENCY SEIZED FROM FIRST
15  CALIFORNIA BANK ACCT. NO.
    2005638,
16
    APPROXIMATELY $225,958.84 IN U.S.
17  CURRENCY SEIZED FROM BANK OF
    AMERICA ACCT. NO. 004653665607,
18  and

19  APPROXIMATELY $177,695.11 IN
    FUNDS CONNECTED TO A
20  TRANSFER TO THE UNITED STATES
    OF AMERICA FROM BULLIVANT
21  HOUSER BAILEY,

22              Defendants.

23

24        The United States of America and claimants Judith L. Hollis on behalf of the Estate

25  of John W. Hollis ("Hollis"), Universal Insurance Exchange ("Universal"), and Bennett

26  Truck Transport, LLC ("Bennett"), stipulate as follows:

27        1.       Universal is a general unsecured creditor of Tri-Continental Exchange Ltd.

28  ("TCE"), Combined Services, Ltd. ("CSL") and/or Alternative Market Exchange Ltd.

1  ("AME), collectively referred to herein as the "Debtors." Bennett asserts constructive trust

2  and unsecured claims against the debtors and the forfeiture funds.  Bennett also asserts

3  a lien on the funds pursuant to California Code of Civil Procedure § 708.410.

4      2.    The United States has filed a civil forfeiture action against the defendant

5  funds, alleging that the funds were involved in, or are traceable to, money laundering

6  violations committed by Robert L. Brown a.k.a. Matthew Schachter ("Brown")  through

7  TCE and CSL, and/or constitute or are derived from the proceeds of mail fraud, or a

8  conspiracy to commit such offense, committed by Brown through TCE and CSL.

9      3.    Bennett filed a Claim to all of the defendant funds on November 23, 2005,

10 filed a Lien on Pending Action on January 10, 2006, and filed an Answer to the Complaint

11 on January 9, 2006.

12     4.    John W. Hollis ("Hollis") filed a Claim to all of the defendant funds on or

13 about December 19, 2005.

14     5.    Universal filed a Claim to all of the defendant funds on March 24, 2006, and

15 filed an Answer to the Verified Complaint for Forfeiture *In Rem* (the "Complaint") on April

16 11, 2006.

17     6.    In a Memorandum of Opinion and Order dated July 19, 2005, (hereafter

18 "District Court Order") this Court granted, in part, the United States's motion to dismiss

19 Hollis's claim.  This Court ruled that Hollis did not have standing to assert an interest in

20 the $1.2 million seized from his trust account at First California Bank Account No.

21 2005638 (Order, at 16), nor did he have standing to assert an interest in the $177,695.11

22 connected to a transfer to the United States from Bullivant Houser Bailey.

23     7.    This Court ruled that Hollis does have standing to assert a claim to the

24 $225,958.84 seized from Hollis' personal bank account at Bank of America.

25     8.    Thereafter, Hollis filed an Answer to the Complaint (under seal) on

26 September 19, 2006, and filed an Amended Answer (under seal) on September 26, 2006.

27     9.    The United States and the Liquidators for the debtors (see ¶ 13(a) <u>infra</u>)

28 entered into a stipulation to transfer the defendant funds, other than the $225,958.84

Stipulation to Dismiss as to
One Defendant and Order

1  described in ¶ 7, to the bankruptcy court for distribution to the debtors' creditors in
2  accordance with all applicable laws.

3        10.    On December 12, 2006, an Order was filed dismissing defendants
4  approximately $1.2 million seized from First California Bank Account No. 2005638, and
5  the approximately $177,695.11 connected to a transfer to the United States from Bullivant
6  Houser Bailey to the Bankruptcy Court.

7        11.    The United States and claimants Hollis, Bennett, and Universal now seek
8  to dismiss this forfeiture action without prejudice, pursuant to Rule 41(a)(2) of the Federal
9  Rules of Civil Procedure against the approximately $225,958.84 in U.S. Currency seized
10  from Bank of America Acct. No. 004653665607.

11        12.    The rights of Bennett and Universal, if any, to the sum described in the
12  preceding paragraph will be determined in accordance with applicable bankruptcy law,
13  forfeiture law, and/or state law.  Nothing in this stipulation is intended to adjudicate,
14  hinder, or impair the rights of claimants to the funds, and such rights, if any, are
15  preserved and will be addressed in the insolvency proceedings discussed below.

16        13.    The facts in support of this stipulation and request for an Order are as
17  follows:

18        a.    Foreign insolvency proceedings were commenced against the
19  Debtors in St. Vincent and the Grenadines before the Eastern
20  Caribbean Supreme Court (the "SVG Proceedings").  A three-
21  person Foreign Representative was duly appointed in the SVG
22  Proceedings to serve as the Joint Liquidators (hereafter "the
23  Liquidators") of the Debtors.

24        b.    The U.S. Bankruptcy Court in the Eastern District of
25  California has granted the Liquidator's Petition seeking
26  recognition as the Foreign Representative of the Debtors in a
27  procedure authorized pursuant to Chapter 15 of the United
28  States Bankruptcy Code, 11 U.S.C. § 1501 et seq.  Attached to

Stipulation to Dismiss as to
One Defendant and Order

1    this stipulation as Ex. 1 is a copy of Judge Klein's

2    Memorandum Decision Regarding Recognition of Foreign Main

3    Proceeding filed September 11, 2006.

4    c.   In addition, the United States and the Liquidators entered into

5         a stipulation in which the United States agreed that it would

6         seek dismissal of this forfeiture action so that the funds could

7         be transferred to the Bankruptcy Court for administration.  A

8         copy of that stipulation is attached as Ex. A to Judge Klein's

9         Order Approving Modified Stipulation Between the United

10        States of America, the Debtors, and John W. Hollis, [hereafter

11        "Order"]  attached hereto as Ex. 2.

12   14.  In addition, the United States, claimant Hollis, and the Liquidators entered

13   into a separate stipulation in which the parties agreed that the defendant funds identified

14   as the approximately $225,958.84 seized from Bank of America account No. 004653665607

15   would remain under the jurisdiction of the district court pending completion of the

16   resolution of the competing claims to the $225,958.84.  A copy of that stipulation is

17   attached as Ex. B to Judge Klein's Order (Ex. 2).

18   15.   As noted above, the Order (Ex. 2) incorporates the stipulation between the

19   United States and the Liquidators on behalf of the debtor, and the stipulation between

20   claimant Hollis, the United States, and the Liquidators.

21   16.  John W. Hollis passed away on June 15, 2012.

22   17.  The United States contends that the funds that were seized from claimant

23   Hollis' personal account at Bank of America (approximately $225,958.84) also belong to

24   TCE and CSL and should be administered in the Chapter 15 case under the supervision

25   of the Bankruptcy Court.  Judith L. Hollis, on behalf of the Estate of John W. Hollis, now

26   agrees and stipulates that the approximately $225,958.84 should be administered in the

27   Chapter 15 cases of TCE and CSL under the supervision of the Bankruptcy Court.

28   Accordingly, at this time the United States, Hollis, Universal, and Bennett seek the

1  dismissal of the forfeiture action as to the defendant approximately $225,958.84 in U.S.

2  Currency seized from Bank of America account No. 004653665607 to the Bankruptcy

3  Court.

4       18.   Upon dismissal of this action as to the $225,958.84, the United States will

5  take all steps necessary to transfer these funds from the U.S. Department of the Treasury

6  Suspense Account to the Liquidators identified in the September 11, 2006, Memorandum

7  Decision Regarding Recognition of Foreign Main Proceedings (Ex. 1).

8       19.   The parties to this stipulation agree that there was reasonable cause for the

9  seizure and arrest of the defendant approximately $225,958.84 in U.S. Currency seized

10 from Bank of America account No. 004653665607, and that the Court may enter a

11 Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

12      20.   The parties further stipulate that even if they receive any distribution of

13 funds in the bankruptcy proceedings, that distribution is not to be considered as a

14 "judgment for the claimant" within the meaning of 28 U.S.C. § 2465(a), nor will that

15 claimant be considered a "prevailing party" within the meaning of 28 U.S.C. § 2465(b).

16      21.   Any claimant's entitlement to costs or attorney fees will be determined solely

17 in accordance with applicable law.  Under no circumstances will the United States be

18 liable for costs or attorney fees incurred by claimants in this forfeiture action or in the

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Stipulation to Dismiss as to
One Defendant and Order

1    bankruptcy proceedings.

2         22.    There are no other terms or conditions other than those specified herein.

3

4    DATED: 9-19-13                          BENJAMIN B. WAGNER
                                             United States Attorney
5

6                              By:    /s/ Kevin C. Khasigian
                                      KEVIN C. KHASIGIAN
7                                     Assistant U.S. Attorney

8

9    DATED: 9-17-13                          /s/ Judith L. Hollis
                                             JUDITH L. HOLLIS
10                                           On behalf of the Estate of Claimant
                                             John W. Hollis
11

12
     DATED: 9-17-13                          /s/ Tim Warriner
13                                           TIM WARRINER
                                             Attorney for Judith L. Hollis
14

15

16   DATED: 6-19-13                          /s/ Thomas R. Phinney
                                             THOMAS R. PHINNEY
17                                           Attorneys for Claimant Bennett
                                             Truck Transport, LLC
18

19

20   DATED: 7/2/13                           /s/ Gregory J. Hughes
                                             GREGORY J. HUGHES
21                                           Attorneys for Universal
                                             Insurance Exchange
22
                                             (Signatures retained by attorney)
23

24        **IT IS SO ORDERED**.

25   DATED: 9/23/2013                        /s/ John A. Mendez
                                             JOHN A. MENDEZ
26                                           United States District Court Judge

27   ///

28   ///

                                    6                    Stipulation to Dismiss as to
                                                         One Defendant and Order

1

<u>CERTIFICATE OF REASONABLE CAUSE</u>

2
      Pursuant to the Stipulation for Dismissal and the allegations set forth in the

3
Complaint for Forfeiture *In Rem* filed January 24, 2005, the Court enters this

4
Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was

5
reasonable cause for the seizure of the funds identified as the approximately

6
$225,958.84 in U.S. Currency seized from Bank of America account No. 004653665607.

7

8
DATED: 9/23/2013               /s/ John A. Mendez

                                   JOHN A. MENDEZ

9
                                   United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation to Dismiss as to
One Defendant and Order